**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-01469-WYD-MEH

DALLAS BUYERS CLUB, LLC,

a Texas Limited Liability Company,

        Plaintiff,

  v.

LEONARD CORDOVA,

        Defendant.

---

**BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST DEFENDANT LEONARD CORDOVA**

---

Plaintiff Dallas Buyers Club, LLC, through its counsel, pursuant to Fed. R. Civ. P. 55(b)(2) and law, respectfully tenders the following Brief in Support of its Motion for Entry of Default Judgment Against Defendant Leonard Cordova ("Defendant Cordova" or "Defendant"):

## I. INTRODUCTION

### A. Synopsis

The Plaintiff seeks default judgment against Defendant Cordova for infringement of the Plaintiff's copyrighted work, a motion picture titled "Dallas Buyers Club," a 2014 winner of multiple Academy Awards [*see* Amended Complaint, docket #43]. The Plaintiff alleges that the Defendant used the Internet and a BitTorrent protocol to willfully reproduce, distribute, display, or perform the Plaintiff's protected work. Default has been entered against the Defendant on the allegations in the Amended Complaint, and therefore the Defendant is deemed to have admitted

the well-pleaded allegations in the Amended Complaint [*see* docket #s 43 & 51]. The Plaintiff accordingly requests that default judgment be entered in the Plaintiff's favor against the Defendant and that the Plaintiff be awarded a judgment for: (a) statutory damages under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. ("the Copyright Act"), specifically pursuant to 17 U.S.C. § 504; and (b) the costs and reasonable attorney's fees incurred by the Plaintiff in this action pursuant to 17 U.S.C. § 505.[1]

**B. Procedural History**

1. The Amended Complaint was filed on October 23, 2014 [docket #43].

2. A Summons was issued October 23, 2014 [docket #47].

3. The Plaintiff had Defendant Cordova served with a copy of the Summons and Amended Complaint on November 4, 2014, as reflected on the Court's docket sheet by proof of service filed on November 9, 2014 [docket #49].

4. Pursuant to Rule 12(a), Fed. R. Civ. P, Defendant Cordova had until November 25, 2104, to answer or otherwise respond to the Amended Complaint.

5. Defendant Cordova failed to answer or otherwise respond to the Amended Complaint within the time allowed by Rule 12(a), Fed. R. Civ. P., and the Clerk of Court entered default as to Defendant Cordova on December 4, 2014 [docket #51].

---

[1] Although the Plaintiff has prayed for and arguably is entitled to injunctive relief under 17 U.S.C. § 502(a), the Plaintiff has elected not to pursue its request for injunctive relief at this time.

**II.   ARGUMENT: ENTRY OF DEFAULT JUDGMENT AGAINST THE DEFENDANT IS FACTUALLY AND LEGALLY WARRANTED, AND THE PLAINTIFF IS ENTITLED TO AN AWARD OF STATUTORY DAMAGES AND ITS ATTORNEY'S FEES AND COSTS.**

**A. The Case is Ripe for Entry of Judgment Against Defendant Cordova.**

When, as in the instant case at bar, the allegations in the case have been adjudicated with respect to all except one of the allegedly jointly and severally liable defendants, the case is ripe for entry of judgment against the only remaining defendant. *Zuffa, LLC v. Bidwell*, 2011 U.S. Dist. LEXIS 16495 (D. Kan. 2011), *citing Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147-148 (10th Cir. 1985).

**B. Because the Defendant is in Default, the Plaintiff's Factual Allegations are Deemed Admitted.**

Because the Defendant is in default, the Plaintiff's allegations of copyright infringement in the Amended Complaint by the Defendant are deemed admitted. *Ortiz-Gonzalez v. Fonovisa,* 277 F.3d 59, 6263 (1st Cir. 2002) ("A defaulting party is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated."[Internal quotation marks and citations omitted]); *Dundee Cement Co. v. Howard Pipe & Concrete Prod., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."); *Song Music Entm't, Inc. v. Global Arts Prod.*, 45 F. Supp. 2d 1345, 1347 (S.D. Fla. 1999) (in copyright infringement case, default establishes liability); *see also United States v. Rice*, 295 Fed. Appx. 898, 901 (10th Cir. 2008) (affirming default judgment against a *pro se* defendant and holding that entry of default against the defendant was proper for her failure to timely answer or respond to the complaint).

### C. The Plaintiff Has Properly Pled Copyright Infringement Against the Defendant.

To establish copyright infringement, the Plaintiff must prove: (1) ownership of a valid copyright; and (2) impermissible copying by the Defendant of constituent elements of the work that are original. *Blehm v. Jacobs*, 702 F.3d 1193, 1199 (10th Cir. 2012), *citing Feist Publ'ng, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991). The Plaintiff has alleged that it is the owner of a federally registered copyright in the work [Amended Complaint, ¶¶ 10-12, 45, & 53, docket #43]. This is a sufficient allegation to establish the first element of copyright infringement—ownership of a valid copyright. *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 942 (10th Cir. 2002), *cert. den.*

The second element, impermissible copying, has two essential components: proof by a preponderance of the evidence of copying and that what was copied is "substantially similar" to "elements of the copyrighted work that are legally protected." *Blehm v. Jacobs*, 702 F.3d at 1199 [citations omitted]. Again, the Plaintiff's allegations, which are deemed admitted (*see* subsection B immediately hereinabove), meet this proof threshold. Specifically, the Plaintiff alleges in pertinent part in paragraph 46 of the Amended Complaint that the probative evidence is that: "the Defendant himself, by using the BitTorrent protocol and a BitTorrent Client and the processes described above, copied the constituent elements of the registered work that are original." (¶ 46, docket #43.) This establishes the requisite components of the second element. *See* 7 U.S.C. §106; *see also American Broadcasting Companies, Inc. v. Aereo, Inc.*, __U.S.__, 134 S. Ct. 2498, 2505-06, 189 L. Ed. 2d 476 (2014) (relying on legislative history and the historical context of the 1976 Copyright Act to justify finding copyright liability, and specifically public performance in violation of the Copyright Act, for online, digital streaming of copyrighted

material, even though the streaming was at different times to different private persons); *see also In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. den.*, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright.").

Further, the Plaintiff's allegations of infringement are attested to by the Plaintiff's investigator, Daniel Macek. *See* Declaration of Daniel Macek in Support of Plaintiff's Motion for Leave to Take Limited Expedited Discovery Prior to a Rule 26(f) Conference ("Macek Declaration") at ¶¶ 24 through 27, Exhibit 1 to Motion for Leave, referencing Exhibit A to the original Complaint in this action, the allegations of which are substantially similar to the allegations in the Amended Complaint [docket #s 7-1,1-1, and 43]. Accordingly, the Plaintiff's pleadings establish a solid basis for finding infringement of the Plaintiff's copyrighted work by the Defendant.

### C. Because the Court Can Properly Infer Willfulness, the Plaintiff is Entitled to an Award of Statutory Damages in an Amount in Excess of $30,000.

Pursuant to 17 U.S.C. § 504(c), the Plaintiff is entitled to, and hereby does, elect to have judgment entered in its favor for statutory damages. *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001), *cert. den.*, 534 U.S. 1127, 112 S. Ct. 1063, 151 L. Ed. 2d 967 (2002) (holding that plaintiff need not prove actual damages to be entitled to an award of statutory damages and may make an election of statutory damages "regardless of the adequacy of evidence offered as to [its] actual damages and amount of defendant's profits").

At a minimum, pursuant to 17 U.S.C. § 504(c)(1), the plaintiff is entitled to recover, with respect to any one work, a sum of "not less than $750 or more than $30,000, as the court considers just." However, upon a finding of "willful infringement," the Court may "increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c) (2).

Here, the Plaintiff has pled that the Defendant's infringement was willful [*see* Amended Complaint, ¶¶ 49 & 60, docket #43]. The Plaintiff's allegations of willfulness are deemed admitted by virtue of the Defendant's default (*see* subsection B hereinabove), and the Court can specifically infer, *i.e.,* "find," by virtue of the Defendant's default, that the Defendant's infringement was willful. *Arista Records, Inc. v. Becker Enterprises, Inc.*, 298 F. Supp.2d 1310, 1313 (S.D. Fla. 2003) (holding that "this court may infer that Defendants willfully infringed Plaintiffs' copyrights because of Defendants' default"). Therefore, in its discretion, this Court may award the Plaintiff up to $150,000 in statutory damages. 17 U.S.C. § 504(c) (2).

Because the Court can properly find that the Defendant's conduct was willful, the Plaintiff urges the Court to enter an award in the Plaintiff's favor that is appropriate for a finding of willful misconduct by the Defendant, *i.e.,* of an amount in excess of $30,000, or specifically at least $31,000. 17 U.S.C. § 504(c) (2); *Arista Records, Inc. v. Becker Enterprises, Inc.*, 298 F. Supp.2d at 1313. In reaching a determination regarding an appropriate statutory damages award for the Defendant's willful misconduct, the Plaintiff asks that the Court also consider that:

    1.    The admitted pleadings and exhibits accompanying the pleadings show that this Defendant was the subscriber to an IP address that not only infringed the Plaintiff's copyrighted work but also participated in and contributed to a "swarm" of infringers that contained thousands of infringing peers [Amended Complaint, ¶¶ 28-34, docket #43]. These facts alone smack of

willful misconduct by the Defendant. *See Patrick Collins, Inc. v. John Does 1-23,* No. 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013), noting, in pertinent part:

> BitTorrent's key, as noted, is reciprocity—a peer not only downloads but automatically uploads pieces to other peers. 'To keep the torrent operating at maximum capacity, the BitTorrent protocol uses a process called pipelining. Every active peer in a torrent maintains a continuously refreshed queue of requests for pieces, so that no connection is ever left idle after one piece is downloaded.' 'In addition, the protocol has an internal mechanism that makes sure that those peers who are offering little or nothing to the torrent will get little or nothing from it.'

*Patrick Collins, Inc.,* 2013 WL 359759, *2-*3 [citations omitted]. Indeed, as one Court recently observed in another *Dallas Buyers Club* copyright infringement case, unlike earlier peer-to-peer file sharing systems, "BitTorrent makes file sharing a cooperative endeavor." *Dallas Buyers Club, LLC v. Does 1-25,* No. 14-C-05643 (Order, docket #12, at 1) (N.D.Ill. Aug. 28, 2014).

    2. Public policy supports penalizing the Defendant appropriately so as to dissuade such conduct, which is notoriously rampant, by other BitTorrent Internet copyright infringers, to wit:

> Many computer users are either ignorant that copyright laws apply to Internet activity, or they simply believe that they will not be caught or prosecuted for their conduct. Also, many infringers do not consider the current copyright infringement penalties a real threat and continue infringing, even after a copyright owner puts them on notice that their actions constitute infringement and that they should stop the activity or face legal action. In light of this disturbing trend, it is manifest that Congress respond appropriately with updated penalties to dissuade such conduct. H.R. 1761 [The Digital Theft Deterrence Act of 1999, amending the Copyright Act] increases copyright penalties to have a significant deterrent effect on copyright infringement.

*See* H.R. Rep. No. 106-216, at 3.

    More specifically, use of the BitTorrent platform to download films is compelling evidence of willfulness, because: (a) it allows access to the films for free; and (b) it is not done

accidentally—a substantial amount of technical configuration is required.  *See Arista Records, Inc. v. Becker Enterprises, Inc.*, 298 F. Supp.2d at 1313 (the sales price is good evidence that a defendant knew he was infringing copyrights when that sales price is well below the average retail price); *and see* https://freedom-to tinker.com/blog/felten/census-files-available-bittorrent/, last visited December 14, 2014 (summary of a Princeton University study finding that 99% of all files downloaded using the BitTorrent protocol were likely infringing [all but 10 out of 1021] and that 100% of the movie and television files downloaded were found to be infringing).

Finally, the enduring strength of the public policy favoring the protection of copyright holders of streaming, digital entertainment was underscored this year by a majority of the United States Supreme Court in the landmark *Aereo* decision, which construed the language and history of the Copyright Act to find infringement in the face of a creative technological scheme to capitalize on a spurious loophole in the Act.  *American Broadcasting Companies, Inc. v. Aereo, Inc.*, 134 S. Ct. at 2505-06.

   3.   There is legal precedent for the amount of damages sought by the Plaintiff in its motion for default judgment in this action.  This Court has previously awarded statutory damages in an amount exceeding $30,000 in a default judgment against a BitTorrent copyright infringing defendant (*see Order, Malibu Media, LLC v. Patrick Babb, 13-cv-00320-WYD-MEH*, filed September 26, 2013, docket #31), and courts in other jurisdictions have also routinely awarded statutory damages in amounts equal to at least $30,000 for willful copyright infringement per work on default judgment.  *See, e.g., Achte/Neunte Boll King Betiligungs GMBH & Co KG v. Palmer*, 2011 WL 4632597, at *1-2 (M.D. Fla. 2011) (on default judgment, awarding $30,000

statutory damages for online infringement); *Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 402-3 (S.D.N.Y. 2002) (same).

For all of the foregoing reasons, the Plaintiff requests that this Court find that the Defendant's infringement was willful within the meaning and underlying public policy of 17 U.S.C. § 504(c)(2) and enter a statutory damages award in the Plaintiff's favor of $31,000.

### E. The Plaintiff is Entitled to an Award of its Reasonable Costs and Attorney's Fees.

Section 505 of the Copyright Act expressly authorizes recovery of "full costs by or against any party other than the United States or an officer thereof," and further provides for an "award [of] a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. Courts routinely award costs and attorney's fees to prevailing plaintiffs on default judgment in copyright infringement cases, especially when, as in the instance at bar, the infringement is willful. *See, e.g., Axact (PVT), Ltd. v. Student Network Resources,* 2008 WL 4754907, at *3 (D. N.J. 2008), *citing Rural Telephone Service Co., Inc. v. Feist Pubs., Inc.*, 1992 WL 160890, at *3 (D. Kan. 1992) ("Indeed, it has often been held that attorney's fees are awarded to prevailing copyright plaintiffs 'generally' or 'ordinarily.'"); *A & N Music Corp. v. Venezia*, 733 F. Supp. 955, 958-59 (E.D. Pa. 1990) (awarding costs and attorney's fees where defendants "knowingly infringed" upon plaintiff's copyrights, and "failed to appear before [the] court to offer an explanation for his conduct".)

In this case, the Plaintiff's counsel's Affidavit states that the Plaintiff has incurred $3,376.40 in costs and attorney's fees. *See* Affidavit in Support of Motion for Entry of Default Judgment, attached to the Motion for Entry of Default Judgment. The Plaintiff accordingly requests that the

Court enter a judgment awarding the Plaintiff its attorney's fees and costs in the amount of $3,376.40, in addition to a statutory damages award of $31,000, for a total amount of $34,376.40, plus interest as allowed by law.

### III.  CONCLUSION

The Plaintiff has made well-pleaded claims that the Defendant has willfully infringed the Plaintiff's copyright protected work.  By virtue of the Defendant's default, the Plaintiff's claims against the Defendant are deemed admitted.  The admitted facts together with strong public policy considerations and legal precedent warrant entry of default judgment against the Defendant in the Plaintiff's favor in the amount of $31,000 for statutory damages, plus attorney's fees and costs in the amount of $3,376.40, for a total judgment against the Defendant in the Plaintiff's favor in the amount of $34,376.40, plus interest as allowed by law.

DATED this 29th day of December, 2014.

Respectfully submitted,

/s/ *David J. Stephenson, Jr.*
David J. Stephenson, Jr.
2801 Youngfield St., Suite 300
Golden, Colorado 80401
Telephone: (303) 726-2259
Facsimile: (303) 362-5679
david.thunderlaw@gmail.com
Attorney for the Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 29, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties who have agreed to accept service through this system and that service was perfected on the following interested party or parties by mailing a copy of the foregoing document, postage prepaid, by first class mail to the last known address of that party or parties, as shown below:

                          Leonard Cordova
                          32 Murray Heights Drive
                          Colorado Springs, CO 80916

                          By: /s/ *David J. Stephenson, Jr.*